IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky Dean Tate, a/k/a Rickey Dean Tate, #235180,  ) | CIVIL ACTION NO. 9:09-0839-TLW-BM |
| Plaintiff,  ) | |
| v.  ) | **REPORT AND RECOMMENDATION** |
| Warden Michael McCall, Sgt. NFN Barnes, Major Dennis Bush, Lt. Tamara Cornwell, and Ofc. John Moets,  ) | |
| Defendants.  ) | |

This action was originally filed by the Plaintiff, pro se, on April 2, 2009 wherein he alleged a violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleged deliberate indifference to his safety by the named Defendants, all employees of the Department of Corrections. Plaintiff asked that the Defendant Barnes be "fired", and that he be transferred from the Perry Correctional Institutional (where he was being housed), because he feared for his safety. See generally, Plaintiff's Verified Complaint. However, subsequently to the filing of this action, Plaintiff was transferred to the McCormick Correctional Institution, and on August 20, 2009 Plaintiff filed a motion to voluntarily dismiss his case. See Court Docket No. 23. Plaintiff's motion was granted, and this case was dismissed by Order of the Court filed August 28, 2009. The final judgment was entered that same day. See Court Docket Nos. 28 and 29.

Plaintiff has now filed a motion to reopen this case, presumably pursuant to Rule 60,



Fed.R.Civ.P. Plaintiff states in his motion that he is presently housed at the Kirkland Correctional Institution as part of the statewide protective custody program. Plaintiff asserts in his motion that the statewide protective custody program is in the process of being moved from the Kirkland Correctional Institution to the Perry Correctional Institution, and that he does not want to be transferred to the Perry Correctional Institution because this would place Plaintiff in a "life threatening situation".

The allegations set forth in Plaintiff's motion do not justify a reopening of his case under Rule 60. Rather, it is readily apparent that this is an entirely new claim which Plaintiff may raise, if at all, in a new § 1983 lawsuit, *after* he has exhausted his administrative remedies. See 42 U.S.C. § 1997e(a) ["No action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"]. Therefore, it is recommended that Plaintiff's motion to reopen this civil action be **denied**.

Plaintiff is referred to the important Notice attached to this Report and Recommendation.

_____
Bristow Marchant
United States Magistrate Judge

August 27, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

